```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:15-00180

**CHARLES TOM DAVISSON, II**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On August 7, 2025, the United States of America appeared by Lesley Shamblin, Assistant United States Attorney, and the defendant, Charles Tom Davisson, II, appeared in person and by his counsel, John J. Balenovich, for a hearing on the petition seeking revocation of supervised release submitted by United States Probation Officer Jeffrey Bella. The defendant commenced a 25-year term of supervised release in this action on August 25, 2023, as more fully set forth in the Judgment in a Criminal Case entered by the court on July 8, 2016.

The parties agree that the petition is deemed amended to relate to defendant's name being that of Charles Tom Davisson, II and not Charles Tom Davisson, III.

The court heard the admissions of the defendant, and the representations and arguments of counsel.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court finds by a preponderance of the evidence that the defendant has violated the conditions of his supervised release as follows: (1) pursuant to the prescribed sex offender treatment condition, the defendant was referred by the probation officer to Dayspring Counseling for evaluation and sex offender treatment, and on August 1, September 19, November 7, and November 21, 2024, the defendant failed to attend designated group counseling sessions and on December 5, 2024, the defendant was advised if he had another unexcused absence from a treatment session he would be unsuccessfully discharged from the Dayspring program; on May 8, 2025, the defendant failed to attend the sex offender treatment group, and did not provide a doctor's excuse by reason of which on May 15, 2025, he was terminated from the Dayspring program; and (2) the defendant has failed to make a restitution payment since he commenced supervised release which amounts to the failure to make approximately 20 monthly payments of $100 each as prescribed by the Sentencing Order, and there has been given no excuse for the failure to make those payments; all as

2

admitted by the defendant, and all as set forth in the petition on revocation of supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations found as set forth above warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be sentenced to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, sentenced to a term of imprisonment for a period of TIME SERVED with TWENTY-THREE (23) YEARS supervised release upon the mandatory conditions, standard conditions, additional standard conditions, sexual offender standard conditions and sexual offender optional terms and conditions set forth in the

3

revocation hearing and attached hereto as Exhibits A, B, C, and D, and the additional condition as set forth below.

> The court shall be notified by the defendant with respect to any material change in the defendant's economic circumstances that will affect his ability to pay restitution. Notwithstanding any material change that may occur in the future, and in view of the financial resources and other assets of the defendant and his projected earnings and other income as well as his financial obligations including obligations to dependents, the $2,742.85 remaining restitution amount shall be paid at the rate of $100 per month on the first day of each month beginning on October 1, 2025. This sum of $100 may be increased or decreased by the court in accordance with any such material change, and, in doing so, the court may consider the findings and recommendations of, and a revised schedule of payments developed by, the probation officer in keeping with the reasonable income capacity of the defendant as it exceeds or falls below, as the case may be, the reasonably necessary fixed living expenses of the defendant and any dependents after taking into account the reduction of such reasonably necessary fixed living expenses by income of the defendant's dependents or members of the defendant's household. In addition, should the defendant acquire assets from any source (inheritance, gift, windfall or otherwise) which may reasonably be applied to the restitution indebtedness, such assets are to be so applied immediately to the restitution indebtedness in addition to the monthly payments hereunder.

The court further directs that within 10 days of receipt of any of the defendant's share of the inheritance from his mother's estate, the defendant shall make payment of the balance then owing on the restitution.

4

It is further ORDERED that the remaining unpaid restitution in the amount of $2,742.85 is reimposed and payable as more fully set forth above and on the record of this proceeding.

The court finds the sentence is sufficient but not greater than necessary to meet the goals of sentencing.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: August 8, 2025

        _____
        John T. Copenhaver, Jr.
        Senior United States District Judge